## SCHWAB v. BARR.
### No. 2892.

Court of Civil Appeals of Texas. Beaumont.

Feb. 14, 1936.

Rehearing Denied Feb. 19, 1936.

L. B. Fowler, of Nacogdoches, and K. C. Barkley, of Houston, for appellant.

Seale & Thompson, of Nacogdoches, for appellee.

. O'QUINN, Justice.

This is an appeal from an order of the district court of Nacogdoches county overruling a plea of privilege.

The suit was filed by appellee, Barr, against appellant, Schwab, who resided in Harris county, Tex., and T. E. Baker, who resided in Nacogdoches county, Tex., praying for damages in the sum of $1,600 against said defendants jointly and severally.

For cause of action appellee alleged that on January 27, 1934, he was the owner of 160 acres of land, a part of the Ben Patton survey in Nacogdoches county, and that on said date he and his wife executed an oil and gas lease on said 160 acres to appellant, Dick Schwab; that said Schwab at said date was engaged in assembling a block of land for the purpose of testing same for oil and gas, and desired appellee's 160 acres before proceeding to explore the land; that appellant agreed and contracted with appellee that, if he would lease the said 160 acres to appellant, he (appellant) would assign to appellee in consideration for said lease an oil and gas lease on a like amount of land as favorably situated as his said 160 acres in the block of acreage being assembled; that he (appellant) would not place the lease from appellee on record until he had assigned to appellee a lease for a like amount in exchange therefor; that, relying upon the said agreement and contract of appellant, he (appellee) and his wife executed to appellant an oil, gas, and mineral lease on his said 160 acres, and delivered same to T. E. Baker of Nacogdoches to be held by said Baker until appellant complied with his agreement and contract to assign to appellee 160 acres of land in the block being assembled, the same to be situated as favorably in relation to said block of land as was appellees; that under no circumstances was appellee's lease to appellant to be placed of record, sold, or assigned until appellant had assigned a lease for a like amount of land in said block, satisfactory to appellee, of all which said Baker had full knowledge; that, at the time appellee executed his lease to appellant, the rental value of his 160 acres was $10 per acre, and the lease appellant was to assign to appellee was to cover an equal amount of acreage as well situated and as valuable.

He further alleged that appellant, Schwab, failed and refused to comply with his agreement and contract with appellee to assign to appellee a lease on a like amount in the block of land, as of the character contracted, and, contrary to the agreement and understanding between appellant and appellee, known by defendant Baker, he (the said Baker) delivered appellee's lease to appellant, Schwab, and same was placed of record, thereby depriving appellee of the rental value of his said 160 acres of land, which was $10 per acre, to his damage $1,600; that defendant T. E. Baker was also liable to appellee in said sum for his failure to hold said lease until Schwab had fully carried out his contract and agreement to assign to appellee an oil, gas, and mineral lease on 160 acres of land in said block, the same to be of equal value as his 160 acres in relation to said block of land; that his damages resulted from the acts of Schwab and Baker, and prayed for judgment against them jointly and severally.

The defendant Schwab duly filed his plea of privilege to be sued in the county of his residence, which he alleged was Harris county, Tex. The allegations of the plea were full and sufficient. Said plea further alleged: (a) That the joining of T. E. Baker as a party defendant was for the fraudulent purpose of fixing venue in Nacogdoches county and of depriving appellant of his right to be sued in the county of his residence; (b) that appellee's allegation that appellant had agreed to execute to appellee an assignment of an oil, gas, and mineral lease in exchange for the lease given by appellee was false, and for the fraudulent purpose of giving venue to the district court of Nacogdoches county, and depriving him of the right to be sued in the county of his residence; (c) that appellee's allegations that, when he and his wife executed the lease to appellant, it was delivered to T. E. Baker, to be held by him until appellant had assigned to appellee a lease on an equal amount of land in said block as favorably situated to said block as was the land leased to appellant by appellee, and that said lease was not under any circumstances to be placed on record until appellant had made to appellee such an assignment as agreed, and that this was all known to Baker, were false and fraudulently made for the purpose of fixing venue in Nacogdoches county, and depriving appellant of the right to be sued in the county of his residence; and (d) that the liability of appellant, if at all,

was several and not joint, and the allegations of joint liability with T. E. Baker, who resided in Nacogdoches county, were fraudulently made, and said T. E. Baker, by such allegations, was fraudulently made a defendant and joined with appellant in the matters alleged for the purpose of fixing venue in Nacogdoches county, and of depriving appellant of the right to be sued in the county of his residence, Harris county, Tex.

Appellee duly filed his controverting affidavit in which it was alleged that the suit grew out of a contract by appellee to lease to appellant certain land in Nacogdoches county for oil and gas purposes; that the lease contract on the part of both appellant and appellee was performable in Nacogdoches county; that appellee and his wife, in pursuance of said contract, executed to appellant a lease upon 160 acres of land situated in Nacogdoches county, in consideration for which appellant was to assign to them an oil, gas, and mineral lease on 160 acres out of the block of leased land held by appellant, said assigned lease to be of land as favorably situated in relation to said block of land as was the 160 acres leased by them to appellant, and of equal lease value; that appellant accepted the lease executed by appellee and his wife, but failed and refused to comply with his contract and assign to appellee a lease of equal amount and value. He specially pleaded his original petition as a part of his controverting affidavit and incorporated same into it. In his petition he alleged the matters hereinbefore set out as grounds for the suit, and they are here referred to without repetition.

Upon hearing, the plea was overruled, and the case is before us on appeal.

■ We think that the allegations of appellee's controverting affidavit (including those in the original petition) and the evidence adduced showed a written contract to be performed in Nacogdoches county. The lease executed by appellee and wife to appellant of 160 acres of land in Nacogdoches county and the agreement of appellant to assign an oil lease to appellee of 160 acres of equal value as that of appellee and as favorably located with reference to the block of leases being assembled for development purposes were all parts of the deal between appellant and appellee. While the agreement to assign by appellant was not in writing and signed by him, still we think the fact that appellant's agent

who secured the lease from appellee made the agreement, and it was alleged and the facts show that, when the lease from appellee to appellant was executed, it was delivered to T. E. Baker, who was acting for appellant in receiving leases in forming the block desired and holding same for appellant and delivering same to him for record, that said lease had notice in writing attached to it brought to the knowledge of said Baker, that said lease was to be held by Baker until appellant had assigned a lease of equal amount of acreage in the block of land leased, as favorably located as appellee's 160 acres and of equal value, and that under no circumstances was said lease to be delivered, assigned, or placed of record by appellant until after appellant had assigned to appellee a lease for an equal amount of acreage and of equal value as that of appellee; and appellant, with this knowledge of said written notice, accepted from his agent, Baker, said lease, it was taken and accepted by appellant as per the full terms disclosed by the contract and lease and note and notice delivered to Baker, and, as the assignment of the lease from appellant to appellee was to be performed in Nacogdoches county, then the contract was one in writing to be performed in Nacogdoches county, and so conferred venue to maintain the suit in said county.

■ Again, venue was properly laid in Nacogdoches county, for in that T. E. Baker, who resided in said county, was joined with appellant and made party defendant in the suit for damages. Appellant's insistence that no cause of action is shown against Baker, and his being sued was for the fraudulent purpose of fixing venue in Nacogdoches county, is not well taken. Appellee, in his petition, in effect alleges, and the evidence shows, that Baker was acting for appellant in receiving and holding leases procured by appellant in assembling a block of leased lands for the purpose of exploring same for oil; that appellee delivered the lease executed by himself and wife to appellant to Baker with a note attached to the effect that the lease was not to be delivered to appellant until he had assigned to appellee a lease to 160 acres of land as favorably situated in the block as was appellees' and of equal lease value, and that Baker fully understood the contract; that Baker, notwithstanding said written notice and terms of lease, and that under no circumstances was

the lease to appellant to be delivered or placed of record until appellant had complied with his contract with appellee and had assigned to him a lease covering 160 acres in the block of land, delivered said lease to appellant and appellant placed same of record, when appellant had failed to assign to appellee the lease on 160 acres of land as contracted; that, after his said lease to appellee was placed of record, he could have sold a lease on his said 160 acres of land for $10 per acre, but was deprived of doing so because of appellant's lease covering same being of record, and thus by said acts of appellant and of Baker he was damaged in the sum of $1,600, for which he sued. It is obvious that Baker's delivery of the lease to appellant was not only not authorized, but contrary to instructions to hold same until appellant had complied with his contract to assign to appellee an oil lease in consonance with the contract. If appellee was damaged as alleged, then his damage was caused by the joint acts of appellant and Baker; Baker for wrongfully delivering the lease, and appellant for breaching his contract and wrongfully placing the lease on record, thus causing appellee to lose the opportunity to sell a lease on his said land.

The judgment should be affirmed, and it is so ordered.

Affirmed.